IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS E. BEVILACQUA; HILDA I. PEREZ ROSADO; LANGHE CORPORATION d/b/a Restaurante Bartolo<br><br>Plaintiffs<br><br>vs<br><br>DORAL BANK; HF MORTGAGE; CORREA, COLLAZO, HERRERO, JIMENEZ & FORTUÑO LAW FIRM; TERESA TRUJILLO ORTIZ, ESQ.; A,B,C INSURANCE COMPANIES; JOHN DOE; JANE DOE; MORA DEVELOPMENT CORPORATION<br><br>Defendants | CIVIL 18-1178CCC |

**OPINION AND ORDER**

Before the Court is a Motion to Alter, Modify or Open the Judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b) filed by FDIC-R on April 26, 2018 (**d.e. 12**), plaintiffs' opposition filed on February 26, 2019 (d.e. 22) and movant's reply filed on March 21, 2019 (d.e. 27).

This action was originally commenced on January 30, 2008 by plaintiff Luis H. Bevilacqua (Bevilacqua) and Hilda I. Pérez Rosado (Pérez Rosado) before the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part, against Doral Bank (Doral) and others. FDIC-R seeks to vacate three amended judgments that were entered by the Commonwealth court prior to its removal. This lawsuit for collection of monies was filed as Civil Case No. KAC2008-0126(507). There was an original judgment (d.e. 10-2) issued by the San Juan Superior Court on July 10, 2014 in favor of plaintiffs and

against Doral in the total sum of $277,195.67 plus legal interest to be computed as to the amounts adjudicated at the rate of 4.25%. This original 35-page judgment was entered after a four-day trial. The claims presented against Doral by Bevilacqua and Pérez Rosado, as summarized by the Commonwealth court, originated from a financing requested from Doral to develop a restaurant. The bank required a series of guarantees from Bevilacqua that included a mortgage note secured by a property located in Old San Juan and the appearance of a joint debtor, Pérez Rosado. Plaintiffs claimed that Doral, "through fraud and deception collected amounts in excess of the promissory note given as security by Mr. Bevilacqua and that in a way obligated Ms. Pérez Rosado to refinance a property to pay off a nonexistent debt." The total amount of money allegedly collected in excess by Doral was claimed by Bevilacqua and adjudged to be $177,195.67. In addition to this amount, Bevilacqua was awarded $50,000.00 in damages and mental anguish and Pérez Rosado was awarded $50,000.00 in damages and mental anguish, plus legal interest calculated in the amounts awarded at 4.25%. The original judgment in Civil Case No. KAC2008-0126(507) issued by the Commonwealth court states the following at page 31:

> In conclusion, the bank in this case had ended up collecting in excess of that owed as of May 31, 2005 by way of partial cancellations on the mortgage note. However, it continued with the collection action against Ms. Hilda Pérez Rosado and Mr. Bevilacqua. Six months later, that is, on October 24, 2005, the bank granted a mortgage to Ms. Hilda Pérez Rosado in order to "settle the debts" and pay the outstanding amount of Mr. Bevilacqua's debt. The bank did not inform Ms. Hilda Pérez Rosado that it had already collected the amount of $177,195.67 in excess of the debt and it led her to assume a mortgage for $124,000.00, through duress, [sic] that she was going to lose her home. Therefore, the legal transaction executed by the co-plaintiff

>Ms. Pérez and the bank on October 24, 2005 was a baseless, and, moreover, fraudulent legal transaction.

The bank, by way of its actions and omissions, aggravated the damages of the plaintiff, given that the documents from the foreclosure on the securities were in its possession as well as that necessary to recreate the proceedings brought forward with the credit history, which placed Mr. Bevilacqua in a defenseless position.

On February 27, 2015, FDIC-R was appointed receiver for Doral. Plaintiff Bevilacqua timely submitted on May 26, 2015 an administrative claim to the FDIC, based solely on the original judgment issued by the Superior Court of San Juan in Case No. KAC2008-0126(507), with copy of the original judgment attached to his May 26, 2015 administrative claim.  On June 3, 2015, Bevilacqua submitted to FDIC an email in which the amount requested was amended and increased to $678,940.81 to include a request for attorney's fees and pre-judgment interest at a rate of 10%, beginning on October 8, 2001. The original judgment had awarded plaintiffs post-judgment interest at 4.25% and no attorney's fees.  Pérez Rosado, on her part, submitted to FDIC-R on May 22, 2015 a $147,000.00 claim which consisted solely of the "Sentence [a/k/a the Original Judgment] in the case Hilda I. Perez Rosado et al v Doral Bank et al., Civil No. KAC2008-0126 in the Superior Court of San Juan; the amount below did not include interests or attorney's fees."

Both Bevilacqua's and Pérez Rosado's administrative claims submitted to the FDIC-R on May 26, 2015 and May 22, 2015 were based on the Original Judgment issued on July 10, 2014 (d.e. 10-2).  About three weeks later, on June 3, 2015, Pérez Rosado, like Bevilacqua had done, increased the claim

to $244,361.00, which added compound interest at 7.5%, attorney's fees and damages.

FDIC-R allowed on September 28, 2018 Bevilacqua's claim based on the amounts awarded by the July 10, 2014 state court judgment issued by the Superior Court of San Juan in Civil Case No. KAC2008-0126(507), that is, $177,195.67 for the amounts collected by Doral in excess of the debt, plus $50,000 in damages and mental anguish and interest at 4.25% for a total of $238,835.56 (amounts awarded to Bevilacqua in the Original Judgment of July 10, 2014). FDIC-R states at page 4 of its Motion to Alter Judgment (d.e. 12) that "[t]he remaining amount (prejudgment interest at 10% since 2001, and attorneys' fees) was disallowed because it was not included in the 2014 Judgment." FDIC-R further states that it explained to Bevilacqua by letter sent that same day, September 28, 2015, that "the additional interest from October 8, 2001 to July 10, 2014 is disallowed because the Court did not award interest prior to July 10, 2014 to the claimant."

FDIC-R informs as to co-plaintiff Pérez Rosado that, as it did with Bevilacqua, it allowed the portion of Pérez Rosado's administrative claim that was permitted by the July 10, 2014 Original Judgment in her favor but disallowed the remainder of the claim because such amounts were not actually included in the Commonwealth Court's 2014 judgment.

The next development is related to motions to amend judgment that were filed by the plaintiffs before the Commonwealth court that issued the Original Judgment in 2014. The First Motion to Amend was filed on October 6, 2015 and requested that the judgment add pre-judgment interest at 4.25% from the

date that the lawsuit in Civil No. KAC2008-0126 was filed in 2008 plus $6,000.00 in attorney's fees.  A Second Motion to Amend Judgment followed on July 13, 2016, requesting that the Commonwealth court amend its 2014 Original Judgment once more for the purpose of stating that Bevilacqua held two "<u>deposit accounts</u>" at Doral and that Pérez Rosado <u>deposited</u> her mortgage payments with Doral.  This motion did not ask the Commonwealth court to add pre-judgment interest or attorney's fees, as did the first motion to amend.  The 2016 Second Motion to Amend seeks a statement that both Bevilacqua and Pérez Rosado were "depositors" at Doral.  A Third Motion to Amend Judgment was filed by plaintiffs on June 6, 2017 requesting the Commonwealth court hold a hearing and to amend the Judgment, this time to refer to Bevilacqua and Pérez Rosado as "depositors."  The Commonwealth court issued an Amended Judgment *Nunc Pro Tunc* on September 9, 2016 (d.e. 10-7), which FDIC-R refers to as the First Amended Judgment.  This First Amended Judgment added language to aver that (1) "Bevilacqua had two current commercial accounts with Doral where he was obligated to deposit monies for the payment of loans 300200823, 300200848" and (2) co-plaintiff Hilda Pérez "deposited the payments for mortgage loan numbers 30079243 directly to Doral Bank."  This First Amended Judgment *Nunc Pro Tunc* of September 9, 2016 added the language requested by plaintiffs in their Second Motion to Amend Judgment, that is, that Bevilacqua had two current commercial deposit accounts at Doral where he was obligated to deposit monies for the payment of loans 300200823, 300200848 and that plaintiff

CIVIL 18-1178CCC						6

Pérez deposited the payments for mortgage loan number 30079243 directly to Doral Bank.

The Second Amended Judgment of June 28, 2017 (d.e. 10-10) addressed the Third Motion to Amend Judgment which requested that plaintiff be referred to as "depositors." The Second Amended Judgment, at page 34, included footnote 35 which stated that:

> [a] Judgment Nunc Pro Tunc is being issued for the sole purposes of clarifying that Doral Bank is now FDIC, as "Receiver" and that the co-plaintiffs are "Depositors." Also, that in relation to the amount granted in #1, for $177,195.67 agreed interest is to be imposed.

This is reflected in the dispositive portion of the Second Amended Judgment which refers to plaintiffs Bevilacqua and Pérez Rosado as "DEPOSITORS." <u>See</u> d.e. 10-10. The Commonwealth court then issued a Third Amended Judgment on March 1, 2018 (d.e. 11-3).

FDIC-R correctly states at page 22 of its Motion to Alter Judgment (d.e. 12) that:

> Plaintiffs did not timely present to FDIC a single deposit-related claim . . . Rather, their original claims were based solely on the "Sentence" (<u>i.e.</u>, the original judgment) entered by the State Trial Court in 2014. . . . Plaintiffs' administrative claims did not identify or even reference the statutory priority scheme, <u>nor allege any "deposit" or "deposit" claim</u>.

(Emphasis ours).

FDIC-R also correctly states at pp. 24-25 that:

> Plaintiffs did eventually ask the FDIC to be treated as depositors, but they did so only in late 2016, <u>after</u> the June 4, 2015 Bar Date, and after the FDIC has reached a decision on their administrative claims.

CIVIL 18-1178CCC				7

FDIC-R further states that "courts lack jurisdiction over untimely claims submitted after the FIRREA claims bar date." FDIC-R recognizes that plaintiffs filed timely administrative claims which did not request that they be treated as "depositors" and correctly acknowledges that such timely administrative claims correspond to the Original Judgment issued by the Superior Court of San Juan on July 10, 2014.  The status of "depositors" was only sought and granted in the Amended State Judgments.  Plaintiffs requested FDIC-R to treat them as depositors in late 2016, after the June 4, 2015 Bar Date and after they had submitted their administrative claims to FDIC-R on the Original Judgment which were allowed and paid.  Hence, the Commonwealth court was without jurisdiction to entertain and grant plaintiffs' depositor status.

For the reasons stated, the Motion to Alter, Modify or Open the Judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b) filed by FDIC-R on April 26, 2018 (**d.e. 12**) is GRANTED.  The Amended Judgments entered by the Court of the First Instance, Commonwealth of Puerto Rico, on September 9, 2016, June 28, 2017 and March 1, 2018 are ALL VACATED.

SO ORDERED.

At San Juan, Puerto Rico, on March 29, 2019.

				S/CARMEN CONSUELO CEREZO
				United States District Judge